IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RESOLUTION TRUST CORPORATION, AS RECEIVER FOR GILL ASSOCIATION, DYCK-O'NEAL, INC., *Plaintiffs* | § § § § § | |
| -vs- | § § | SA-90-CV-00565-XR |
| MARVIN E. BARNES, *Defendant* | § § § | |

## ORDER

On this date, the Court considered Plaintiff Dyck O'Neal Inc.'s motion to revive dormant judgment against Defendant Marvin E. Barnes (ECF No. 26) and motion for entry of order reviving dormant judgment (ECF No. 32).[1] After careful consideration, the Court **GRANTS** the motions.

## BACKGROUND

Plaintiff Dyck O'Neal Inc. is the owner of the judgment entered in this action against Defendant Marvin E. Barnes on December 18, 1990, and is the successor in interest to the original plaintiff, Resolution Trust Corporation, as conservator for Gill Savings Association ("RTC"). *See* ECF No. 13; ECF No. 26 at 1.

On December 18, 1990, RTC recovered a default judgment against Defendant in the principal amount of $15,000.00, with prejudgment interest at the rate of 10% from March 12, 1990 until the date of judgment, $1,600.00 in attorney's fees, with post-judgment interest thereon at the rate of 7.28%, and costs of court. ECF No. 13. RTC assigned the judgment to Cramer Financial

---

[1] The Court analyzes Plaintiff's motions collectively, as both seek the same relief. The second motion (ECF No. 32) is relevant insofar as it establishes that Defendant was served with the first motion (ECF No. 26).

Group ("Cramer"), which subsequently obtained multiple writs of execution, ultimately extending the life of the judgment until September 28, 2020, when it became dormant. ECF No. 26 at 2–3.

Nearly a year after the judgment became dormant, Cramer assigned it to Plaintiff. *Id.* at 1, 8. On May 26, 2022, Plaintiff filed the instant motion to revive the dormant judgment and requested a summons, which was issued on June 7, 2022. *See id.*; ECF Nos. 27, 28. After four attempts at personal service on Defendant at his residence, Plaintiff moved for substituted service. ECF No. 29. The Court granted the motion and ordered that Plaintiff could effectuate service "by leaving a copy of the summons with a copy of the motion to revive dormant judgment at Defendant's residence with any individual sixteen years of age or older, or in any other manner which will be reasonably effective to give Defendant notice of the motion to revive dormant judgment, such as affixing the summons and motion to the door of Defendant's residence." ECF No. 30 at 3. Plaintiff filed an affidavit of service on July 8, 2022, indicating that a process server had affixed a copy of the summons, the motion to revive dormant judgment, and the Court's order allowing substituted service to the entrance of Defendant's residence on July 1, 2022. ECF No. 31.

Defendant has not responded to the motion to revive the dormant judgment against him. To date, no amounts have been recovered on the judgment by Plaintiff's predecessors in interest or by Plaintiff. ECF No. 26 at 3. On September 2, 2022, Plaintiff filed a motion asking the Court to enter an order reviving the dormant judgment and to issue a writ of execution. ECF No. 32.

## DISCUSSION

### I. Legal Standard

"To enforce a judgment, judgment creditors must file a writ of execution in accordance with the 'practice and procedure of the state in which the district court is held.'" *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) (quoting Fed. R. Civ. P. 69(a)). In Texas,

"[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE § 34.001(a). Failure to do so may result in the judgment becoming dormant. *Id.* Dormant judgments, however, are not void per se. *In re Fitzgerald*, 429 S.W.3d 886, 895 (Tex. App.—Tyler 2014, no pet.) (citing *Burrows v. Miller*, 797 S.W.2d 358, 361 (Tex. App.—Tyler 1990, no writ)). Judgment creditors may "revive" the dormant judgment by an action brought within two years after the date on which the judgment became dormant. TEX. CIV. PRAC. & REM. CODE § 31.006 (providing for revival by scire facias or by an action of debt no later than two years from the date that the judgment became dormant). If the judgment creditor fails to timely revive the judgment, execution is permanently barred. *See Williams v. Short*, 730 S.W.2d 98, 100 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

Scire facias refers to "[a] writ requiring the person against whom it is issued to appear and show cause . . . why a dormant judgment against that person should not be revived." *FDIC v. Davis*, No. H-92-3759, 2006 WL 8445383, at *2 (S.D. Tex. July 28, 2006) (citing Black's Law Dictionary (8th ed. 2004)). Under Texas law, "[t]he scire facias and returns thereon . . . shall conform to the requisites of citations and the returns thereon, under the provisions of these rules." TEX. R. CIV. P. 154. Accordingly, a plaintiff seeking to revive a dormant judgment must serve the defendant with a summons and a copy of the motion to revive judgment. *See Admar Int'l, Inc. v. Intelex, Ltd.*, No. 2:07-CV-00080-JRG, 2020 WL 12991129, at *2 (E.D. Tex. Feb. 18, 2020) (citing *Davis*, 2006 WL 8445383, at *2); *FDIC v. Bauman*, No. 3:90-cv-0614-H, 2004 WL 1732933, at *2 (N.D. Tex. July 30, 2004) ("In federal district court, a summons is the functional equivalent of a citation.").

**II.     Analysis**

The Court retains personal jurisdiction over Defendant during this scire facias action. *See Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) ("[A] motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case."). The Court concludes that Plaintiff has satisfied all of the requirements under Texas law to revive the dormant judgment against Defendant. Plaintiff's motion was filed on May 26, 2022, less than two years after the judgment became dormant on September 28, 2022. *See* ECF No. 26; TEX. CIV. PRAC. & REM. CODE § 31.006. Further, Plaintiff properly served Defendant with the motion in accordance with this Court's order granting substituted service by affixing a copy of the summons and the motion to revive the dormant judgment to the entry of Plaintiff's residence. *See* ECF Nos. 30, 31; TEX. R. CIV. P. 154.

The Court finds Plaintiff's motions to be timely filed and in full satisfaction of the statutory prerequisites. *See* ECF Nos. 26 (motion to revive); ECF No. 32 (establishing substituted service upon Defendant pursuant to Court order). Accordingly, Plaintiff's motions are **GRANTED**.

## CONCLUSION

For the foregoing reasons, Plaintiff Dyck O'Neal Inc.'s motion to revive dormant judgment (ECF No. 26) and motion for entry of order reviving judgment (ECF No. 32) are **GRANTED.**

It is therefore, **ORDERED**, **ADJUDGED,** and **DECREED** that the judgment dated December 18, 1990, in favor of Dyck O'Neal, Inc., as assignee of Cramer Financial Group, Inc. and successor in interest to Resolution Trust Corporation as Receiver for Gill Savings Association, against Defendant Marvin E. Barnes in the principal amount of $15,000.00, plus prejudgment interest on the Note at the rate of 10% from the date of March 12, 1990 until the date of judgment, plus attorney's fees in the amount of $1,600.00, with post-judgment interest

4

thereon at the rate of 7.28% per annum, and costs of court, shall be revived pursuant to TEX. CIV. PRAC. & REM. CODE §31.006, Plaintiff Dyck O'Neal, Inc. shall be entitled to all writs of execution necessary to enforce this judgment.

It is further **ORDERED** that the Clerk is **DIRECTED** to issue a writ of execution for Marvin E. Barnes.

It is so **ORDERED.**

**SIGNED** this 18th day of October, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE